UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Diane O'Neil

    v.         Case No. 20-cv-175-PB
        Opinion No. 2023 DNH 117

Somatics, LLC

### ORDER

Defendant Somatics, LLC has filed a motion based on Federal Rule of Civil Procedure 35 to compel a mental examination of plaintiff Diane O'Neil. O'Neil asks me to deny the motion because Somatics, without good cause, waited more than a year after the expert disclosure deadline had passed to request the examination.

### I.   ANALYSIS

Rule 35 authorizes a court to order a party to submit to a mental or physical examination. The order "may be made only on motion for good cause" and the party requesting the examination must "specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35. The rule does not set a time by which a motion for a mental or physical examination must be filed, but most courts have concluded that the rule should be read in

conjunction with the timing rule for expert disclosures established by Federal Rule of Civil Procedure 26(a)(2)(D). See, e.g., Diaz v. Con-Way Truckload, Inc., 279 F.R.D. 412, 421 (S.D. Tex. 2012); Rodriguez v. GEICO Gen. Ins. Co., No. 6:19-cv-1862-ORL-40GJK, 2020 WL 5983334 at *1 (M.D. Fla. June 25, 2020); Minnard v. Rotech Healthcare Inc., No. S-06-1460 GEB GGH, 2008 WL 150502 at *2 (E.D. Cal. Jan. 15, 2008). But see Waggoner v. Ohio Cent. R.R., Inc., 242 F.R.D. 413, 414 (S.D. Ohio 2007) (concluding that Rule 35 and Rule 26(a)(2) operate independently).

Rule 26(a)(2)(D) requires a party who plans to call an expert as a witness to make certain disclosures "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). If an expert retained to conduct a Rule 35 examination is expected to testify, Rule 26(a)(2)(D) plainly applies. But even if the Rule 35 expert is not expected to testify, a failure to complete an examination prior to the expert disclosure deadline could wreak havoc on the case management process given that any Rule 35 examination will likely trigger supplemental disclosures and a need for additional depositions of testifying experts. In either case, a belated Rule 35 motion could undermine the carefully constructed case management plan the parties have relied on in preparing the case for trial. Accordingly, I agree with those courts that read Rule 35 in conjunction with the expert disclosure deadlines established by Rule 26.

The question then becomes whether Somatics' Rule 35 motion should be granted, notwithstanding its tardiness.[1] As an initial matter, Somatics has not adequately explained why its motion comes so late. O'Neil made no secret of the fact that her mental health would be a central issue in the case by claiming in her 2020 complaint that she had suffered "serious and debilitating cognitive injuries" after undergoing electroconvulsive shock treatments with a device manufactured by Somatics. Doc. 1 at 1, ¶ 1. Shortly thereafter, she made initial disclosures that included the results of neuropsychological testing performed by her treating psychologist in 2018. See Doc. 52-15. We know that Somatics was well aware of this testing because it relied on it in its February 15, 2022, motion for summary judgment, where it claimed that O'Neil's cognitive functioning "was generally within normal limits relative to age matched peers[.]" Doc. 52-2 at 22 n.5. O'Neil later disclosed in her expert disclosures that she had undergone a

---

[1] Somatics frames the issue as one of appropriate sanctions for its failure to comply with the court's disclosure deadlines. Not so. The question is not whether existing evidence should be precluded under Rule 37, but whether I should exercise my discretion to compel a belatedly sought examination that Somatics has no presumptive right to obtain in the first instance. See Real v. Hogan, 828 F.2d 58, 63 (1st Cir. 1987) (observing that a court could have denied a Rule 35 motion made shortly before trial because "the grant or denial of a Rule 35 motion clearly rests in the sound discretion of the trial court") (cleaned up). Cf. Faigin v. Kelly, 184 F.3d 67, 84 (1st Cir. 1999) ("A district court's case-management powers apply with particular force to the regulation of discovery[.]"). Nonetheless, in exercising this discretion, I consider some of the same factors as I would under Rule 37.

second round of neuropsychological testing in February 2022. See Doc. 55 at

2, ¶ 5. The parties acknowledged this additional testing in a joint motion filed

on March 11, 2022, in which they stated:

> Based on this disclosure, Defendant has requested to conduct a Rule 35 examination of the Plaintiff by a defense neuropsychologist and the parties are meeting and conferring concerning the same, including the location of the requested testing, as Plaintiff presently resides in Colorado. As such, Defendant has requested to modify the Defendant's expert disclosure deadline to account for the needed coordination of this testing and for a reasonable time following the testing to prepare the report of same.

Id. To address this issue, the court granted an extension of Somatics' expert

disclosure deadline from April 4, 2022, until May 25, 2022. See Doc. 55-1 at 1.

Somatics made its expert disclosures in compliance with the May 25

deadline, but it did not follow up on its plan to seek a Rule 35 examination

before the deadline passed. Although the parties thereafter sought additional

extensions of other case management deadlines, they did not seek to amend

the case management plan to permit a Rule 35 examination. See generally

Docs. 75, 76, 79. Instead, Somatics simply filed its Rule 35 motion on July 19,

2023—more than a year after the expert disclosure deadline had passed and

just a few weeks before the deadline for completing discovery—without

attempting to explain its delay. See Cherryholmes v. Ctrs. for Advanced

Orthopaedics, LLC, No. TDC-18-3541, 2019 WL 13225410 at *3 (D. Md. Aug.

20, 2019) (denying an untimely Rule 35 motion where the moving party failed

4

to establish good cause for its delay). Cf. Macaulay v. Anas, 321 F.3d 45, 52 (1st Cir. 2003) (affirming trial court's preclusion of an expert report where the moving party did not "advance[] any real justification for its tardy emergence").

Nor has Somatics provided an adequate response to O'Neil's claim that she would be unfairly prejudiced if she were required to undergo additional testing just a few months before trial. Somatics appears to acknowledge that the proposed examination could require previously disclosed experts to revise their opinions and sit for additional depositions which, in and of itself, prejudices O'Neil. See Genereux v. Raytheon Co., 754 F.3d 51, 60 (1st Cir. 2014) (noting that the admission of new expert evidence would cause prejudice where it would require the parties to take additional depositions and reinterview experts). Moreover, despite Somatics assertions to the contrary, it seems likely that granting the request would upset the current trial schedule. See Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 46 (1st Cir. 2002) (recognizing "the court's independent interest in administering its docket"). Somatics has suggested that it intends to file Daubert motions and it may renew its request for summary judgment after expert depositions have been completed. I will not be able to resolve those motions prior to the March trial date if I grant Somatics motion and its experts make supplemental disclosures based on the new examination.

5

Finally, this is not a case where a refusal to grant Somatics the relief it seeks would deal a fatal blow to its defense. The record includes two rounds of neuropsychological testing separated by several years, the validity of which Somatics has not challenged. Somatics does not explain why a third round of testing is necessary beyond speculating that O'Neil's cognitive functioning could have improved. See Wright & Miller, 8B Federal Practice & Procedure § 2234 (3d ed. 2023) (collecting cases and noting that courts "will require a stronger showing of necessity before it will order repeated examinations" under Rule 35). And, in any event, Somatics has disclosed other experts who will be available to testify in its defense, regardless of whether a third round of testing is conducted. Because Somatics has not provided a substantial justification for its belated request, and O'Neil has established that she would be unfairly prejudiced if I were to allow the examination, Somatics is not entitled to the examination it seeks.

## II.     CONCLUSION

Somatics' motion for a Rule 35 examination (Doc. 84) is denied.

SO ORDERED.

/s/ Paul J. Barbadoro
Paul J. Barbadoro
United States District Judge

September 22, 2023

cc:     Counsel of Record